USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT &
SAFETY FUNDS OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS, et al.  :  12 Civ. 436 (LGS)
                 Plaintiffs,
     -against-  :  ORDER

INTEGRATED STRUCTURES CORP.,
                 Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs brought this action against Integrated Structures Corporation ("ISC"), seeking monetary damages, based on ISC's failure to make fringe benefit contributions to the trust funds, as required by: (1) a collective bargaining agreement ("CBA"); (2) the Local 15 Trust Agreement ("trust agreement"); and (3) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. On January 19, 2012, the plaintiffs commenced this action by filing a complaint with the Clerk of Court. On May 3, 2012, the Honorable Paul A. Engelmayer issued an Order "that defendant … communicate forthwith to the Court explaining, in writing, why it has failed to answer or otherwise respond to the complaint in this action." ISC never responded to the May 3, 2012 Order. Accordingly, on June 8, 2012, Judge Engelmayer issued an order entering a judgment, by default, against ISC.

      Thereafter, Judge Engelmayer referred the matter to Magistrate Judge Nathaniel Fox for an inquest to determine the amount of damages, if any, that should be awarded to the plaintiffs. The case was transferred to this Court from Judge Engelmayer on March 26, 2013. On June 13, 2013, Magistrate Judge Fox submitted his Report and Recommendation (the "Report") to this Court. The Court now reviews Magistrate Judge Fox's Report.

A court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within a magistrate's report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the report, the court must make a *de novo* determination of those portions of the report to which objections are made. *Id.*; *see also U. S. v. Raddatz*, 447 U.S. 667, 674 (1980). When no objections to a report are made, the court may adopt the report if there is no clear error on the face of the record. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citations omitted).

To invoke *de novo* review of the magistrate judge's recommendations, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citations and quotation marks omitted). *De novo* review of a magistrate's report does not require the Court to conduct a *de novo* hearing on the underlying issues. *Raddatz*, 447 U.S. at 676. Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Id*.

As no party has filed an objection to the Report, the Report is reviewed for clear error. Finding no clear error in the Report, the Report is ADOPTED in its entirety. Plaintiffs may renew their request for fees and costs before Magistrate Judge Fox.

SO ORDERED.

Dated: New York, New York
July 12, 2013

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2